UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| KENNETH L. MOILES, ) | |
| ) | Case No. 1:11-cv-1088 |
| Plaintiff, ) | HON. ROBERT HOLMES BELL |
| v. ) | |
| ) | |
| LOU ROUBAL, et al ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. §1983.  The complaint, which is captioned "Notice of Intent to Sue," is barely two paragraphs long.  It lists as defendants the Director of the Mecosta County Department of Human Services, two case workers, and two supervisors of that department, as well as "John Doe" defendants.  The complaint arises from the alleged action of one or more of the defendants in removing plaintiff's son from his custody on May 12, 2011.  The factual allegations in plaintiff's complaint concerning this incident are set forth here verbatim:

> On May 12, 2011 the above mentioned persons did remove from the care and custody the Son of Kenneth Lynn Moiles, namely K.A. Moiles, DOB 2000, while at Pediatric Associates, 650 Linden St, Ste 4, Big Rapids, MI, 49307 while acting under the color of law and while employed or acting as agents of the Michigan Department of Social Services.  The act of removing Kyle Alexander Moiles was an unconstitutional seizure, and was done without due process of the law violating protections provided under the 4th and 14th amendments to the United States Constitution.

(Notice of Intent to Sue), (Docket #1).  Plaintiff provides no other factual context for his claims, nor does he attribute any particular act to any named defendant.

By order entered October 13, 2011, the court granted plaintiff leave to proceed *in forma*

*pauperis*, in light of his financial situation.  Under the provisions of federal law, the court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. §1915(e)(2).  An action will be dismissed as frivolous if it "lacks an arguable basis either in law or in fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint must be dismissed for failure to state a claim if it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Traverse Bay Area Inter. Sch. Dist. v. Michigan Dep't. of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   A plaintiff falls short of this standard if he pleads facts "merely consistent with the defendants' liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct."  *Id.*, at 1949-50.  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."  *Id.* at 557.

A review of plaintiff's *pro se* complaint shows that it is precisely the kind of naked assertion of liability, devoid of factual enhancement, that runs afoul of the pleading rules established by the Supreme Court in the *Twombly* and *Iqbal* cases.  In reviewing a *pro se* complaint, the court must construe the complaint indulgently and not hold it to the pleading standards applicable to attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  However, even the lenient treatment generally afforded *pro se* pleadings has its limits.  *See Taylor v. Lantagne*,

418 F. App'x 408, 411 (6th Cir. 2011) (applying the *Iqbal* standard to review of claims under 28 U.S.C. §1915(e)). A complaint submitted by a *pro se* plaintiff cannot be expected to reflect precise knowledge of the law. It is not unreasonable to expect a *pro se* plaintiff, however, to give a reasonably accurate account of the facts upon which his claim is based. The only facts divulged by plaintiff (beyond his birthday) are that one or more of the named defendants removed plaintiff's son from his custody on May 12, 2011, while the son was at a doctor's office in Big Rapids. The remainder of plaintiff's allegations consist of conclusory assertions that the removal of his son was unconstitutional and violated due process of law.

The complaint does not contain facts leading to even an inference that the removal was unconstitutional. Under Michigan's Child Protection Law, Mich. Comp. Laws §§722.621-.638, the Michigan Department of Human Services is empowered to investigate and report child abuse and neglect. The Act allows detention of children in temporary protective custody in certain circumstances, subject to prompt judicial review. See Mich. Comp. Laws §722.626. In other circumstances, the Department may petition the court for an order removing the child from his or her home, upon a finding that the child is not safe. Mich. Comp. Laws §722.628d. Therefore, a complaint that merely states that a child was removed from the custody of his father provides no plausible basis for believing that the removal was unconstitutional, as the removal could very well have been done in strict accordance with the law. Moreover, social workers who initiate judicial proceedings against those suspected of child abuse or neglect are entitled to absolute immunity from §1983 suits, if performing a prosecutorial duty, or at least to qualified immunity for certain investigatory functions. *See Achterhof v. Selvaggio*, 886 F.2d 826 (6th Cir. 1989). Plaintiff's "Notice of Intent to Sue" is so devoid of factual specificity that it is impossible to tell

3

whether any immunity might apply. In fact, it is impossible to tell what happened, beyond the naked fact that plaintiff's child was removed from his custody.

The Supreme Court has admonished that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 139 S. Ct. at 1949. Furthermore, conclusary statements will not suffice. *Id.* at 1949-50. If the well-pleaded facts do not permit the court to infer more than "the mere possibility of misconduct," then the complaint has not shown that the pleader is entitled to relief, as required by Fed. R. Civ. P. 8(a)(2). *Id.* at 1950. The only well-pleaded fact contained in plaintiff's complaint is that his son was removed from his custody by agents of the Department of Human Services. Such conduct may or may not be a violation of a parent's constitutional rights, depending on the circumstances. Consequently, merely alleging a removal of a minor from a parent's custody raises only the "sheer possibility" that a defendant has acted unlawfully. Plaintiff's complaint, with all well-pleaded allegations accepted as true, fails to state a claim upon which relief can be granted and therefore must be dismissed.

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2).


Dated: October 24, 2011             /s/ Joseph G. Scoville
                                    Joseph G. Scoville
                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. L.R. 13(b). Failure to

file timely and specific objections  may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985);  *Neuman v. Rivers*, 125 F.3d 315, 322 (6th Cir. 1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).