UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KENNETH L. MOILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:11-cv-1088 |
| | ) | |
| LOU ROUBAL, et al | ) | Honorable Robert Holmes Bell |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. §1983 arising out of child custody proceedings in state court regarding KAM, a minor. This court granted plaintiff leave to proceed *in forma pauperis* in light of his indigence. (docket # 3). On October 24, 2011, I entered a report and recommendation recommending that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff did not file objections to the report and recommendation. Instead, within the period for filing objections, plaintiff filed an amended complaint. Plaintiff's amended pleading lists ten defendants:

(1) Michigan Department of Human Services (DHS) Director for Mecosta County, Lou Roubal;

(2) Caseworker Dannielle McCauley;

(3) Caseworker Arvid Clark;

(4) DHS Supervisor Danielle Merek;

(5) DHS Supervisor Lacey Gonzalez-Borstler;

(6) DHS Supervisor Luther Lovelle;

>  (7) DHS Caseworker Robin McGarrah;
>
>  (8) Mecosta County Deputy Sergeant Pippen;
>
>  (9) Mecosta County Deputy Sheriff Bollock; and
>
>  (10) Mecosta County Sheriff's Department.

(Am. Compl., docket # 5). Plaintiff was entitled to amend his complaint as of right under Fed. R. Civ. P. 15(a). The amended complaint supersedes the original, which is a "nullity" after amendment. *See B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.81 (6th Cir. 2008). I have therefore reviewed the amended complaint under the standards of 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that defendants' actions in removing KAM from his custody violated his rights under the "First, Fourth, Sixth, and Fourteenth Amendment[s] to the Constitution." (¶¶ 6, 61, 64, 72 ).[1] He alleges that defendants committed federal crimes in violation of 18 U.S.C. §§ 241, 242. (¶ 9). He asks the court, in its discretion, to exercise supplemental jurisdiction over purported state-law claims for intentional infliction of emotional distress, "negligence of office," "integrity of the family," and violations of "MCL 750.213"and plaintiff's rights under "Article I §§ 2, 3, 4, 11, and 17 of the Constitution of the State of Michigan." (¶¶ 6, 61, 64, 68-69, 72, 74-88). He sues the caseworkers, director, and supervisors in their official and individual capacities. (¶¶ 15-21 and case caption). He sues Deputies Pippen and Bollock in their individual capacities. (¶¶ 22-23 and case caption). Plaintiff seeks damages, an injunction ordering that KAM be returned to his custody and prohibiting any future removal, and a declaration that defendants violated federal criminal laws and that Mich. Comp. Laws §§ 722.626 and 712A.14(1), and Rule 3.963 of the

---

[1] Unless otherwise specified, the paragraph references herein are to plaintiff's amended complaint. (docket # 5).

Michigan Court Rules are unconstitutional. (¶¶ 6-9; ID#s 25-26). For the reasons set forth herein, I recommend that this lawsuit be dismissed for lack of subject-matter jurisdiction. Alternatively, I recommend that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it seeks relief against defendants entitled to immunity and fails to state a claim upon which relief can be granted. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

## **Applicable Standards**

Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Generally, in determining whether the complaint states a claim, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Claims survive only where the "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Court's *Iqbal* decision emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

### Plaintiff's Allegations

On May 10, 2011, while "attempt[ing] to apply corporal punishment" to his then ten-year-old son, (KAM), plaintiff gave the boy a black eye. (¶¶ 24-25). On May 11, 2011, KAM went to school where he was questioned by Caseworker McCauley regarding his injury. (¶¶ 27-28). Later that day, plaintiff was questioned by Mecosta County Deputy Sheriff Reed and Caseworker McCauley. (¶¶ 29-30). KAM's mother is deceased. (¶ 13). Arrangements were made to have KAM stay with family friends. (¶¶ 31-36).

On May 12, 2011, plaintiff took KAM from the "family friends" and transported him to Pediatric Associates in Big Rapids, Michigan. Medical care providers took photographs of the child's injuries and contacted the police. Big Rapids Police Officer Craig Brockette and Caseworker McCauley participated in the temporary removal of KAM from plaintiff's custody. (¶¶ 37-41).

On May 13, 2011, a court conducted a hearing regarding KAM. The court placed KAM in the State's custody. KAM was in foster care from May 12, 2011, through early July 2011. On July 7, 2011, plaintiff pleaded no contest to an unspecified charge. Plaintiff alleges that KAM

was returned to him on July 11, 2011, but was "still under the care and custody of Mecosta DHS." (¶¶ 42-47).

On October 6, 2011, Deputies Bullock and Pippen observed something in plaintiff's residence that plaintiff fears will have, or has had, an adverse impact on his ability to maintain custody of KAM. Plaintiff alleges that Bullock and Pippen did not have a "valid" order to enter. On October 7, 2011, an amended petition was presented to "the court" regarding the removal of KAM from plaintiff's custody and defendant McGarrah participated in the removal of KAM from a school classroom. (¶¶ 48-59). Plaintiff does not allege what actions the state court took in response to the amended petition.

On October 11, 2011, plaintiff filed this lawsuit. On November 4, 2011, he filed his amended complaint.

## Discussion

### I. Jurisdiction

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Freeland v. Liberty*

*Mut. Fire Ins. Co.*, 632 F.3d 338, 341(6th Cir. 2011). Plaintiff has the burden of proving this court's jurisdiction. *See Giesse v. Secretary of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

For over a century and a half, the Supreme Court has held that the federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see Lommen v. McIntyre*, 125 F. App'x 655, 658 (6th Cir. 2005); *Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce."); *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2004) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). The Supreme Court has consistently reaffirmed the longstanding doctrine that the federal courts lack power to issue divorce, alimony, and child-custody decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703-07 (1992). Consequently, this court is powerless to address questions relating to the appropriate custody of KAM.[2]

---

[2]Plaintiff does not identify the state court presiding over the custody proceedings regarding KAM, nor does he supply the case number. If plaintiff is claiming that he suffered injuries arising out of the decisions made by Michigan's courts, this court lacks jurisdiction to entertain such claims. Under the *Rooker-Feldman Doctrine*, a party who lost in state court may not complain about injuries caused by state-court judgments in a subsequent federal lawsuit. *See Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Zinder v. Rogers*, No. 1:11-cv-770, 2011 WL 4346393, at * 6 (W.D. Mich. Aug. 23, 2011). This court does not possess direct oversight powers

I recommend that plaintiff's amended complaint be dismissed for lack of subject-matter jurisdiction.

## II. Alternative Grounds for Dismissal of Plaintiff's Lawsuit

Alternatively, I find that plaintiff's amended complaint fails to allege a viable claim against any defendant.

### A. Standing

Plaintiff lacks standing to enforce federal criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008). Further, it is well established that the statutes cited by plaintiff, 18 U.S.C. §§ 241, 242, "do not provide a civil cause of action." *Timmon v. Wood*, 316 F. App'x 364, 365 (6th Cir. 2007); *see Bey v. Smith*, No. 10-14641, 2011 WL 5506904, at * 7 (E.D. Mich. Oct. 21, 2011) (collecting cases).

### B. Eleventh Amendment Immunity

Eleventh Amendment immunity bars plaintiff's claims for damages against the state-employee defendants (Roubal, McCauley, Clark, Merek, Gonzalez-Borstler, Lovelle, and McGarrah) in their official capacities. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally

---

over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The recourse available to plaintiff in response to an adverse decision of a state trial court is an appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, a writ of *certiorari* from the United States Supreme Court.

consented to be sued.[3]  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit against a state officer in his official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).  The State of Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).

The Michigan Department of Human Services, formerly known as the Family Independence Agency,[4] is a department of Michigan government. MICH. COMP. LAWS § 400.1. The inclusion of the name of a county, as in "Mecosta County Department of Human Services," simply identifies the local division of the State's department -- the employees at the local division are nevertheless state employees.  *See Thomas v. Michigan Family Independence Agency*, 67 F. App'x 908 (6th Cir. 2003)*; Davis v. St. Joseph County Dep't of Human Servs.*, No. 1:08-cv-16, 2009 WL 782313, at * 3 (W.D. Mich. Mar. 19. 2009). The Sixth Circuit has emphasized that, "the most important factor[5] bearing on the Eleventh Amendment question is who would pay a judgment against the entity being sued."  *S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 420 (6th Cir. 2004).  Any judgment entered against the Mecosta County Department of Human Services would be paid from the State's treasury. MICH. COMP. LAWS § 18.1396; *see Parker v. State*, Nos. 234828, 234829, 234830, 2004 WL 435395, at * 1 (Mich. Ct. App. Mar. 9, 2004) (affirming judgment of the

---

[3] The well-recognized exception to the general rule of Eleventh Amendment immunity is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional.  *See Ex Parte Young*, 209 U.S. 123 (1908).

[4] Executive Order 2005-6 changed the department's name, effective March 15, 2005.

[5] DHS is so clearly an "arm of the State" it is not necessary to address any additional factors. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760 (6th Cir. 2010).

Michigan Court of Claims); *Pope v. Family Independence Agency*, No. 205898, 1999 WL 33437824 (Mich. Ct. App. Aug.17, 1999) (same). As previously indicated, a suit against a state officer in her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Thus, plaintiff's claim for monetary damages against defendants Roubal, McCauley, Clark, Merek, Gonzalez-Borstler, Lovelle, and McGarrah in their official capacities is barred by the Eleventh Amendment immunity.

Plaintiff's claims against the Mecosta County Department of Human Services fail on a separate and independent ground. States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

      C.      Absolute Quasi-judicial, and Prosecutorial Immunity

Plaintiff's vague allegations against Caseworkers McCauley and McGarrah make it somewhat difficult to apply the functional approach in determining whether defendants are entitled to immunity. The most that can be gleaned from the amended complaint is that social workers McCauley and McGarrah were participants in the judicial process utilized to remove KAM from plaintiff's custody. Plaintiff has not alleged facts that would place the actions of these defendants outside the scope of absolute quasi-judicial or prosecutorial immunity. The Sixth Circuit has repeatedly held that social workers are absolutely immune for actions that are "intimately associated" with the judicial phase of proceedings relating to the welfare of the child. *See Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001); *Sayler v. Patrick*, 874 F.2d 374, 377-78 (6th Cir.1989). Quasi-judicial immunity bars any claim against the social worker defendants based on their function of advising the court regarding the best interests of the child, even if they were

incorrect in their assessments. *See Rippy*, 270 F.3d at 422-23; *Hughes v. Long*, 242 F.3d 121, 126-27 (3d Cir. 2001); *see also Robinson v. Ingham County Family Independence Agency*, No. 1:05-cv-436, 2005 WL 1907526, *4 (W.D. Mich. Aug. 10, 2005). It is well established that social workers initiating child custody proceedings are entitled to prosecutorial immunity. *See Pittman v. Cuyahoga County Dep't of Children & Family Services*, 640 F.3d 716, 724-25 (6th Cir. 2011); *Rippy*, 270 F.3d at 421 ("Social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty, and so are entitled to absolute immunity."); *Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir.1989).

D.  Director Roubal and Supervisors Merek, Gonzalez-Borstler, and Lovelle

Plaintiff's allegations against Director Roubal and Supervisors Merek, Gonzalez-Borstler, and Lovelle fail to state a claim. Plaintiff alleges that these defendants held supervisory positions, but nothing more. Liability of supervisory officers under 42 U.S.C. § 1983 cannot be based upon a *respondeat superior* theory. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

E.  Caseworker Clark

Plaintiff's amended pleading is devoid of factual allegations regarding any act or omission by defendant Clark. Plaintiff alleges that Clark is "an employee 'Caseworker' in the Foster Care Services Department of Mecosta DHS, and as such is an agent of Mecosta DHS, and therefore an agent of the State of Michigan." (¶ 17). This does not suffice to state a claim. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207

(7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases).

### F. Mecosta County Sheriff's Department and Deputies Pippen and Bullock

Plaintiff alleges that on and after July 11, 2011, KAM was in his physical custody, "but [was] still under the care and custody of Mecosta DHS." (¶ 47). His amended complaint fails to include the terms under which the court allowed him physical custody. His conclusory allegation that Deputies Pippen and Bullock lacked a "valid order" to enter his residence falls short of pleading facts sufficient to state a Fourth Amendment claim under the *Iqbal* and *Twombly* standards. Mere conclusory statements do not suffice. *Iqbal*, 129 S. Ct. at 1949. Claims survive only where the "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

The Mecosta County Sheriff's Department is not a separate legal entity subject to suit under section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also LaPine v. Chippewa County Corr. Facility*, No. 2:10-cv-238, 2011 WL 3438481, at * 4 (W.D. Mich. Aug. 5, 2011)(collecting cases); *Childress v. Cole*, No. 2:10-cv-14821, 2011 WL 163429, at * 2 (E.D. Mich. Jan. 19, 2011) (same). Mecosta County "cannot be held liable in [a] section 1983 action[] on a *respondeat superior* theory" for the actions of defendants Pippen and Bullock. *See Spears v. Ruth*, 589 F.3d 249, 256 n.6 (6th Cir. 2009). Plaintiff's amended complaint does not allege facts sufficient

to establish a municipal policy or custom, much less establish "a direct causal link between the policy and the alleged constitutional violation." *Id.*; *see Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)  I find that plaintiff has not alleged facts sufficient to support a section 1983 claim for municipal liability against Mecosta County.

G.     Supplemental Jurisdiction

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).  Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also Booker v. City of Beachwood*, No. 10-3549, 2011 WL 6355190 (6th Cir. Dec. 19, 2011); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009).  There is no reason in this case to depart from the general rule.

**Recommended Disposition**

For the reasons set forth herein,  I recommend that this lawsuit be dismissed for lack of subject-matter jurisdiction.  Alternatively, I recommend that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it seeks relief against defendants entitled to immunity and fails to state a claim upon which relief can be granted.  I further recommend that the court, in the exercise of its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

Dated:   January 13, 2012             /s/  Joseph G. Scoville                                    
                                      United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006)